## MAGEE v. HEAVEY.

Court of Customs and Patent Appeals.
December 2, 1929.

Patent Appeal No. 2159.

Chas. S. Grindle, of Washington, D. C., for appellant.

Benjamin B. Schneider and George A. Chritton, both of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge. Appellant has appealed from the decision of the Commissioner of Patents, which affirmed the decision of the Examiners-in-Chief, which in turn affirmed the Examiner of interferences and awarded priority of invention of the subject-matter at issue to the junior party, John C. Heavey, appellee.

The issue is embraced in six counts of which count 1 will serve to illustrate the others:

"1. A stoker comprising a continuous chain grate, a series of partitions in the space beneath the upper part of said grate dividing said space into a series of compartments, said partitions lying some distance beneath the bottom of said upper part, and being flat on top and adapted to support ashes on their top portions to co-operate with said upper part to prevent passage of air from one compartment to the next, each partition being hollow, and a member slidable therefrom to close the bottom of a compartment whereby the passage of air through said compartment may be controlled."

The invention involved in the interference relates to certain improvements in stokers or grates for furnaces of the type in which the grate bars travel through the furnace, supporting the fuel thereon, which is consumed as it is moved. The particular improvement claimed consists of certain provisions for dividing the area of the moving grate into zones or sections for the purpose of supplying air upwardly through the different sections of the moving grate, thus enabling the air to be cut off from one section or zone and to be supplied to another by means of sliding dampers.

It is stated by both parties hereto that this interference presents a question of originality only and not the usual one of priority. The Commissioner of Patents held that "the decision of the Examiners-in-Chief awarding priority to the junior party Heavey is affirmed." The issue of determining priority involved the controlling question of originality in the invention. Magee, being the senior party, rested on the presumption that he was the first inventor and that the duty rested upon Heavey to overcome this presumption, and took no testimony. He stood upon his record date and upon the testimony produced on behalf of the junior party Heavey.

In this court Magee contends that the testimony of the junior party fails to overcome the record date of the senior party and fails to establish disclosure of the invention by Heavey. Magee further insists that the testimony discloses that the invention originated with him and that he disclosed the same to Heavey. Magee did not appear in this court for oral argument but submitted on his brief.

The record contains much testimony which, among other things, shows that Heavey was chief engineer at the North American building in Chicago, where chain grate stokers were operated in the boiler rooms; that Heavey became interested in the question of economy of fuel, and conceived the idea of controlling the supply of air to a fuel bed and of forming the zones in the grate, to the end that the unnecessary consumption of fuel might be arrested; that he disclosed his idea to Mr. Quin, who was manager of the building; that, after much persuasion, Mr. Quin consented to have appellant, Magee, who was engaged in building machinery, install the stoker in the building; that Magee sent Rugman, his draftsman, to Heavey to find out how Heavey wanted it constructed; that Magee had no prior training in this line, while Heavey had been engaged in this line of work for many years; that the drawings were made by Magee from such information obtained, and the stoker was installed in June, 1922, and tested in July, 1922. Magee filed his application for a patent on September 5, 1922. Heavey filed his application on March 5, 1923.

It is the position of appellee that Magee

took no testimony, "for the obvious reason, apparently, that all the possible witnesses know that Heavey and not Magee is the inventor," and that "Magee took advantage of Heavey's ignorance of his patent rights in claiming the invention."

The Examiner of Interferences found that, "as stated at the outset, the record shows that the invention was fully and completely disclosed by the junior party to the senior party before the senior party's filing date." The Examiners-in-Chief, in referring to this phase of the case, said: "As Magee took no testimony he, of course, has not denied that such disclosures as are brought out in the testimony were made to Rugman who was his employee." The Commissioner of Patents said: "After a most careful review of the evidence submitted on behalf of Heavey, there seems to be no other conclusion than that he was the inventor and Magee obtained his knowledge of the invention from Heavey."

While Magee became the senior party, having filed first, it is clear that he was not the inventor, and, under the circumstances, no abandonment can be charged against Heavey.

On the questions of fact involved in this record there has been a unanimity of opinion in the tribunals below, and we see no occasion for disturbing their findings. We agree with the Commissioner of Patents in the finding that Heavey was the inventor, and that he was properly awarded priority over the senior party, Magee.

The judgment of the Commissioner of Patents is affirmed.

Affirmed.